Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MARIA BARRON SANCHEZ, *individually*
*and on behalf of others similarly situated,*

                    *Plaintiff,*

              -against-

NYC LAUNDROMAT, INC. (d/b/a
NYC LAUNDROMAT), HUAN
TRINH and NICK TRINH,

                    *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiff Maria Barron Sanchez ("Plaintiff Barron" or "Ms. Barron"), individually and on

behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates,

P.C., upon information and belief, and as against each of defendants NYC Laundromat, INC.

(d/b/a NYC Laundromat) ("Defendant Corporation") Huan Trinh and Nick Trinh (collectively,

"Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

       1.     Plaintiff Barron is a former employee of Defendants NYC Laundromat, INC.

(d/b/a NYC Laundromat), Huan Trinh and Nick Trinh.

       2.     NYC Laundromat is a laundromat owned by Huan Trinh and Nick Trinh, located

at 507 W. 125th St., New York, NY, 10027.

3.      Upon information and belief, Defendants Huan Trinh and Nick Trinh served as owners, managers, principals or agents of defendant Corporation and through this corporate entity operated the dry cleaner.

4.      Plaintiff Barron is a former employee of Defendants.

5.      Plaintiff Barron was employed as a clothes washer, folder and counter attendant.

6.      At all times relevant to this Complaint, Plaintiff Barron worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate overtime compensation for the hours over 40 per week that she worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of her hours worked, failed to pay Plaintiff Barron the applicable minimum wage, and failed to pay her appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Barron the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

9.      Defendants' conduct extended beyond Plaintiff Barron to all other similarly situated employees.

10.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Barron and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

11.      Plaintiff Barron now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

2

Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12.    Plaintiff Barron seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Barron's state law claims is conferred by 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Barron  was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.    Plaintiff Barron is an adult individual residing in New York County, New York.

16.    Plaintiff Barron was employed by Defendants from approximately December 2006 until on or about August 15, 2016.

3

17.    Plaintiff Barron consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.    At all times relevant to this complaint, Defendants own, operate, and/or control a Laundromat located at 507 W. 125th St., New York, NY, 10027 under the name "NYC Laundromat."

19.    Upon information and belief, NYC Laundromat, Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 507 W. 125th St. New York, NY, 10027.

20.    Defendant Huan Trinh is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Nick Trinh is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

21.    Defendant Huan Trinh possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22.    Defendant Huan Trinh determined the wages and compensation of the employees of Defendants, including Plaintiff Barron, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

23.    Defendant Nick Trinh is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Nick Trinh is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

24.    Defendant Nick Trinh possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

25.    Defendant Nick Trinh determined the wages and compensation of the employees of Defendants, including Plaintiff Barron, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.


## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.    Defendants operated a laundromat located at 507 W. 125th St., New York, NY, 10027.

27.    Individual Defendants Huan and Nick Trinh possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiff Barron's (and other similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of Plaintiff Barron, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Barron, and all similarly situated individuals, and are Plaintiff Barron's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Barron and/or similarly situated individuals.

32.     Upon information and belief, individual defendants Huan and Nick Trinh operated defendant Corporation as either an alter ego of themselves, and/or failed to operate defendant Corporation as a legal entity separate and apart from themselves  by, among other things:

> (a)     failing to adhere to the corporate formalities necessary to operate defendant Corporation as a separate and legally distinct entity;
>
> (b)     defectively forming or maintaining defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;
>
> (c)     transferring assets and debts freely as between all Defendants;
>
> (d)     operating defendant Corporation for their own benefit as the sole or majority shareholders;
>
> (e)     operating defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;
>
> (f)     intermingling assets and debts of their own with defendant Corporation;

6

(g)    diminishing and/or transferring assets of defendant Corporation to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Barron's employers within the meaning of the FLSA and NYLL.

34.    Defendants had the power to hire and fire Plaintiff Barron, controlled the terms and conditions of her employment, and determined the rate and method of any compensation in exchange for Plaintiff Barron's services.

35.    In each year from 2011 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used by the laundromat on a daily basis, such as detergents, were produced outside of the State of New York.

*Individual Plaintiff*

37.    Plaintiff Barron is a former employee of Defendants, employed in performing the duties of a clothes washer, folder and counter attendant.

38.    Plaintiff Barron seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Maria Barron Sanchez*

39.    Plaintiff Barron was employed by Defendants from approximately December 2006 until on or about August 15, 2016.

7

40.     At all relevant times, Plaintiff Barron was employed by Defendants as a clothes washer, folder and counter attendant.

41.     Plaintiff Barron regularly handled goods in interstate commerce, such as detergents and irons produced outside of the State of New York.

42.      Plaintiff Barron's work duties required neither discretion nor independent judgment.

43.     Throughout her employment with Defendants, Plaintiff Barron regularly worked in excess of 40 hours per week.

44.     From approximately February 2011 until on or about December 2013, Plaintiff Barron worked from approximately 9:00 a.m. until on or about 9:30 or 10:00 p.m. Mondays, Wednesdays and Fridays and from approximately 10:00 a.m. until 9:30 or 10:00 p.m. Tuesdays, Thursdays and Saturdays (typically 73 to 75 hours per week).

45.     From approximately January 2014 until on or about August 15 2016, Plaintiff Barron worked from approximately 10:00 a.m. until on or about 8:00 p.m. Mondays, Wednesdays  and Fridays, from approximately 10:00 a.m. until on or about 6:00 or 8:00 p.m. on Tuesdays, from approximately 10:00 a.m. until on or about 3:00 or 6:00 p.m. on Thursdays  and from approximately 10:00 a.m. until on or about 4:00 p.m. on Saturdays (typically 49 to 54 hours per week).

46.     Throughout her employment with defendants, Plaintiff Barron was paid her wages in cash.

47.     From approximately February 2011 until on or about December 2013, defendants paid Plaintiff Barron $5.25 per hour.

8

48.     From approximately January 2014 until on or about December 2015, defendants paid Plaintiff Barron $5.50 per hour.

49.     From approximately January 2016 until on or about August 15, 2016, defendants paid Plaintiff Barron $6.00 per hour.

50.     Defendants did not provide Plaintiff Barron with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

51.     Defendants never provided Plaintiff Barron with each payment of wages a statement of wages, as required by NYLL 195(3).

52.     Defendants never provided Plaintiff Barron with a written notice, in English and in Spanish (Plaintiff Barron's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Barron regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

54.     Defendants regularly required Plaintiff Barron to work in excess of forty (40) hours per week without paying her the proper minimum wage, overtime compensation and spread of hours pay.

55.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Barron (and all similarly situated employees) to work in excess of forty (40) hours per week without paying her appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

56.     Plaintiff Barron was paid her wages entirely in cash.

57.     By employing these practices, Defendants avoided paying Plaintiff Barron the minimum wage for her regular hours and overtime compensation of time and a half for all of her hours worked in excess of forty (40) hours per week.

58.     Defendants failed to post required wage and hour posters in the dry cleaner, and did not provide Plaintiff Barron with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Barron's relative lack of sophistication in wage and hour laws.

59.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Barron  (and similarly situated individuals) worked, and to avoid paying Plaintiff Barron  properly for (1) her full hours worked and (2) for overtime due.

60.     Defendants failed to provide Plaintiff Barron  and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61.     Defendants failed to provide Plaintiff Barron and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

62.     Plaintiff Barron brings her FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in her case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

63.     At all relevant times, Plaintiff Barron and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage and overtime pay of one and one-half times her regular rates for work in excess of forty (40) hours per workweek under the FLSA.

64.     The claims of Plaintiff Barron stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

65.    Plaintiff Barron repeats and realleges all paragraphs above as though fully set forth herein.

66.    At all times relevant to this action, Defendants were Plaintiff Barron's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Barron (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

67.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

69.    Defendants failed to pay Plaintiff Barron (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

70.    Defendants' failure to pay Plaintiff Barron (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

71.    Plaintiff Barron (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

72.    Plaintiff Barron repeats and realleges all paragraphs above as though fully set forth herein.

73.    At all times relevant to this action, Defendants were Plaintiff Barron's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor

Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Barron

(and the FLSA class members), controlled the terms and conditions of employment, and

determined the rate and method of any compensation in exchange for her employment.

74.    At all times relevant to this action, Defendants were engaged in commerce or in

an industry or activity affecting commerce.

75.    Defendants constitute an enterprise within the meaning of the Fair Labor

Standards Act, 29 U.S.C. § 203 (r-s).

76.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay

Plaintiff Barron  (and the FLSA Class members) overtime compensation at rates of one and one-

half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

77.    Defendants' failure to pay Plaintiff Barron (and the FLSA Class members)

overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

78.     Plaintiff Barron (and the FLSA Class members) were damaged in an amount to

be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

79.    Plaintiff Barron repeats and realleges all paragraphs above as though fully set

forth herein.

80.    At all times relevant to this action, Defendants were Plaintiff Barron's employers

within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and

fire Plaintiff Barron (and the FLSA Class members), controlled terms and conditions of

employment, and determined the rates and methods of any compensation in exchange for employment.

81.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Barron (and the FLSA Class members) less than the minimum wage.

82.     Defendants' failure to pay Plaintiff Barron (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

83.     Plaintiff Barron (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK STATE**
**LABOR LAW'S OVERTIME PROVISIONS**

84.     Plaintiff Barron repeats and realleges all paragraphs above as though fully set forth herein.

85.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Barron (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

86.     Defendants' failure to pay Plaintiff Barron (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

87.      Plaintiff Barron (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

88.     Plaintiff Barron repeats and realleges all paragraphs above as though fully set forth herein.

89.     Defendants failed to pay Plaintiff Barron one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Barron's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

90.     Defendants' failure to pay Plaintiff Barron an additional hour's pay for each day Plaintiff Barron's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

91.     Plaintiff Barron was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

92.     Plaintiff Barron repeats and realleges all paragraphs above as though fully set forth herein.

93.     Defendants failed to provide Plaintiff Barron with a written notice, in English and in Spanish (Plaintiff Barron's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

94.     Defendants are liable to Plaintiff Barron in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

95.     Plaintiff Barron repeats and realleges all paragraphs above as though set forth fully herein.

96.     Defendants did not provide Plaintiff Barron with a statement of wages with each payment of wages, as required by NYLL 195(3).

97.     Defendants are liable to Plaintiff Barron in the amount of $5,000, together with costs and attorneys' fees.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Barron respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Barron and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Barron and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Barron's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Barron and the FLSA class members;

(f)     Awarding Plaintiff Barron and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Barron and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Barron and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Barron and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Barron and the members of the FLSA Class;

(k)     Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Barron's , and the FLSA Class members',

compensation, hours, wages; and any deductions or credits taken against wages;

(l)    Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Barron's , and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Barron and the FLSA Class members;

(n)    Awarding Plaintiff Barron and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(o)    Awarding Plaintiff Barron damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff Barron and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, spread of hours pay and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(q)    Awarding Plaintiff Barron and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiff Barron and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Barron demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
February 24, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

By:     Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 2540
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

19

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 16, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Maria De Jesus Barron Sanchez**

Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

16 de febrero de 2017

Date / Fecha:

*Certified as a minority-owned business in the State of New York*