UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MARIA BARRON SANCHEZ, *individually and on behalf*    Docket No. 17-CV-1427
*Of others similarly situated,*

                          Plaintiff(s),

-against-

NYC LAUNDROMAT, INC. (d/b/a.
NYC LAUNDROMAT), HUAN TRINH and
NICK TRINH

                          Defendant(s)
-------------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Settlement Agreement" is made and entered into by and between MARIA BARRON SANCHEZ "Plaintiff"), and HUAN TRINH ("Defendant", (Plaintiff and Defendant are jointly referred to in this Settlement Agreement as the "Settling Parties").

### RECITALS

WHEREAS, on or about August 17, 2017, Plaintiff filed the present action against Defendants, alleging, inter alia, that Defendants failed to pay her certain wages due in connection with service she performed on Defendants' behalf. The aforementioned action is currently pending in the United States District Court, Southern District of New York, (the "Federal Action");

WHEREAS, Neither this Court nor any other Court has considered or determined the claims alleged;

1

NOW, THEREFORE in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Parties hereto agree as follows:

## AGREEMENT

### 1. Consideration:

The Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

### 2. Settlement Compensation and Full General Release:

Defendant HUAN TRINH agrees to pay Plaintiff the settlement amount of $6,000 (the "Settlement Amount") as follows:

Within 60 days of the approval of this settlement by the Court, Defendant shall deliver to Plaintiff's Counsel, Bader & Yakaitis the payment in the amount of $6,000 in the form of a money order or bank check, made payable to Bader and Yakaitis as attorneys for MARIA BARRON SANCHEZ. Upon court approval, plaintiff counsel Bader & Yakaitis shall promptly notify defendant HUAN TRINH by telephone that the settlement has been approved.

In the event Defendant HUAN TRINH fails to deliver $6,000 to Bader & Yakaitis within 60 days after the judicial approval of this settlement agreement, Plaintiff shall notify Defendant HUAN TRINH in writing ("Notice of Default"). The notice of Default shall be sent to HUAN TRINH by email and certified mail. Defendant HUAN TRINH expressly acknowledges that failure to cure the default within five business days shall be a material breach of this agreement and he expressly consents that Plaintiff may immediately enter judgment. Defendant HUAN TRINH will pay in the sum of $60,000 due to Plaintiff MARIA BARRON SANCHEZ,

2

regardless of and without any credit for any amounts paid by Defendant HUAN TRINH under the Agreement.

The Settlement Amount will be distributed as follows:

$550 to Michael Faillace & Associates, P.C. for disbursements;

$3,633.33 to Plaintiff MARIA BARRON SANCHEZ;

$1,816.64 for attorneys' fee to be held in escrow by Bader & Yakaitis, until the attorneys' fee distribution between Bader & Yakaitis and Michael Faillace & Associates is determined.

For and in consideration of the payments provided for in this Section, subject to the terms and provisions of this Settlement Agreement, Plaintiff fully, finally, irrevocably and forever releases and discharges Defendant HUAN TRINH from all claims, including but not limited to all Federal and New York State wage and hour claims which Plaintiff may have against Defendant HUAN TRINH from the beginning of time up to and including the date that Defendant HUAN TRINH signs this agreement. It is expressly agreed that Plaintiff is not releasing any claims or rights which as a matter of law cannot be lawfully waived or released.

3. **Voluntary Dismissal:**

After receipt of the Settlement Amount from Defendant, Plaintiff shall immediately file a Stipulation of Dismissal with Prejudice in this Action. It is the Settling Parties intention that this action not be deemed closed until Plaintiff's attorneys receive the settlement amount from Defendant and Plaintiff files a Stipulation of Dismissal with Prejudice. This agreement is subject to Court approval. Should the court direct the parties to modify any portion of this Agreement prior to approval, then the parties will make best efforts to do so to obtain the Court's

3

approval. Should the court fail to approval the Agreement after good faith efforts by the parties to modify the terms, the Agreement will be null and void.

### 4. Cooperation:

Defendants and Plaintiffs mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other. Notwithstanding the foregoing, should any party be served with a valid subpoena, compliance with said subpoena shall not violate, this paragraph, however, the served party shall notify the other party as soon as possible of the subpoena.

### 5. Jurisdiction over Settlement Enforcement:

The Settling Parties consent to and hereby request continuing jurisdiction of the United States District Court, Southern District of New York for the purpose of enforcing this Settlement Agreement after judicial approval. The Settling Parties agree that the Southern District of New York shall enter a judgement in the amount of $60,000 against Defendant HUAN TRINH, should Defendant HUAN TRINH not pay the settlement amount within the time agreed upon in Section 2.

### 6. Indemnification:

Plaintiff and her counsel shall be responsible for all taxes in connections with their respective portions of the settlement payment and agree to indemnify and hold Defendant HUAN TRINH harmless against any and all tax liabilities; claims, damages, costs, and attorney fees incurred by Defendant HUAN TRINH due to Plaintiff's failure to pay taxes due.

### 7. Governing Law:

This Agreement is to be construed and governed under the laws of the State of New York without regard to conflicts of law provisions. If any provision is determined by a court of

competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force. Plaintiff acknowledges that she has not previously assigned or transferred any rights to any claim released herein.

### 8. No Admissions:

Defendant HUAN TRINH does not admit any violation of law or liability to Plaintiff arising out of the matters set forth in the complaint and or Plaintiff's employment relationship.

### 9. Entire Agreement:

This Settlement Agreement constitutes the complete understanding of the Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Parties.

### 10. Voluntary Settlement:

Plaintiff represents and warrants that she has entered into this Agreement of her own free will. She further represents that she has carefully read and fully understood all of the provisions of this agreement; is, through this Agreement, releasing Defendant HUAN TRINH from any and all wage and hour claims Plaintiff may have against him; knowingly and voluntarily agrees to all of the terms in the Agreement; knowingly and voluntarily intends to be legally bound by this Agreement; was advised to consider the terms of this Agreement with counsel, and has had the opportunity to consult with counsel prior to executing this Agreement; and is duly authorized to execute this Agreement.

Dated: New York, New York
~~June~~ July 25 2018

Bader & Yakaitis
Attorneys for Plaintiffs

MARIA BARRON SANCHEZ
1430 Broadway, Suite 1802
New York, NY 10016
Phone: (212) 465-1110

BY:

_____
JESSE YOUNG, ESQ. (Attorney for Plaintiff)


_____
MARIA BARRON SANCHEZ (Plaintiff)


_____
HUAN TRINH (Defendant)

6