UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARIA BARRON SANCHEZ, individually and on
behalf of others similarly situated,

                          Plaintiff,

            -v-

NYC LAUNDROMAT, INC. (d/b/a NYC
LAUNDROMAT), and HUAN TRINH,

                         Defendants.

------------------------------------------------------------X

17 Civ. 1427 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On July 26, 2018, the parties to this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action applied for approval of a proposed settlement agreement under which *pro se* defendant Huan Trinh would pay $3,633.33 to plaintiff Maria Barron Sanchez, $550 in costs to plaintiff's former attorneys Michael Faillace & Associates, P.C., and $1,816.64 in fees to be held in escrow by plaintiff's current attorneys, Bader & Yakaitis, LLP, until the distribution of fees between Bader & Yakaitis and Michael Faillace & Associates is determined. *See* Dkt. 59-1 (the "Agreement").[1]

Much of the Agreement is legally satisfactory, and the Court would be prepared to approve the overall settlement sum of $6,000 as substantively reasonable and achieved through

---

[1] NYC Laundromat, Inc. formally remains a defendant in this matter, notwithstanding that, since May 8, 2018, this corporate entity has been without counsel. *See* Dkt. 52. On May 8, 2018, the Court ordered plaintiff's counsel by June 5, 2018, to file a motion for default judgment against NYC Laundromat. *Id.* Instead, plaintiff has proceeded against Mr. Trinh only. Accordingly, plaintiff is directed by August 21, 2018 to show cause why this matter should not be dismissed as against NYC Laundromat for failure to prosecute, pursuant to Rule 41 of the Federal Rules of Civil Procedure.

procedurally fair means. Two features of the Agreement, however, make it impossible for the Court to approve it in present form.

*First*, the Agreement contains an unacceptably overbroad "general release," under which plaintiff agrees to release all claims she may have against Mr. Trinh. The relevant provision requires plaintiff to waive any claim of any kind, known or unknown, that she might ever have had against Mr. Trinh. *See* Agreement at 3, ¶ 2. In FLSA cases, courts in this District routinely reject release provisions that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); *see also Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *3–4 (S.D.N.Y. April 27, 2015) (provision releasing defendants "from any and all charges, complaints, claims, and liabilities of any kind whatsoever" was "not 'fair and reasonable' because it encompasse[d] far too broad a range of possible claims"). Indeed, as the Second Circuit has noted, such an "overbroad release," like that in *Nights of Cabiria*, "highlights the potential for abuse in [FLSA] settlements, and underscores why judicial approval in the FLSA setting is necessary." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citing *Nights of Cabiria*, 96 F. Supp. 3d at 181).

The provision here is of such an overly broad nature. It requires plaintiff to "fully, irrevocably and forever release[] and discharge[] [Mr. Trinh] from all claims, including but not limited to all Federal and New York State wage and hour claims which Plaintiff may have against [Mr. Trinh] from the beginning of time up to and including the date that [Mr. Trinh] signs this agreement." Agreement at 3, ¶ 2. This provision is "too sweeping to be 'fair and reasonable' and so must be rejected." *Lazaro-Garcia v. Sengupta Food Servs.*, 15 Civ. 4259

(RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (quotation marks omitted). Consistent with the case authority in this area, "[t]he Court will not approve a release provision that extends beyond the claims at issue in this action." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (citing *Lazaro-Garcia*, 2015 WL 9162701, at *2).

To be sure, the Agreement provides that plaintiff "is not releasing any claims or rights which as a matter of law cannot be lawfully waived or released." Agreement at 2, ¶ 2. But the benefit to plaintiff of this provision is opaque, given that the parties have not proffered any claim that might be preserved as a matter of law. The Court therefore cannot conclude that this provision balances an otherwise one-sided agreement. A narrower release consistent with the standards above will be required before the Court will approve a settlement here.

*Second*, the Agreement submitted to the Court bears the signatures of Jesse Young, attorney for plaintiff, and defendant Huan Trinh. Although the Agreement includes a space for plaintiff's signature, her signature is absent. *See* Agreement at 6. The Court will not approve the parties' settlement agreement without plaintiff's signature.[2]

## CONCLUSION

For the foregoing reasons, the Court declines to approve the Agreement at this time. The parties may proceed in one of the following three ways.

(1) The parties may file a revised agreement by August 21, 2018 that is consistent with the foregoing. Upon the filing of such an agreement, the Court is prepared to approve the settlement.

---

[2] Any future settlement agreement should also correct the typographical mistake under which Mr. Trinh agrees to pay plaintiff "$60,000." Agreement at 2, ¶ 2.

3

(2)     The parties may file a joint letter by August 21, 2018 that indicates their intention to abandon settlement and to continue to litigate this matter. If they do so, the Court will set a next conference in this matter, which will serve as a pre-motion conference at which the Court will discuss and set a briefing schedule for any motions for summary judgment, or, if no such motions are to be filed, set a trial date.

(3)     The parties may stipulate to a dismissal of this case *without* prejudice, as such settlements do not, based on the current case law, require court approval. *See Martinez*, 2016 WL 206474, at *3 (citing *Cheeks*, 796 F. 3d at 201 n.2).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 7, 2018
       New York, New York