```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/4/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARIA BARRON SANCHEZ, individually and on
behalf of others similarly situated,

                              Plaintiff,

                      -v-

NYC LAUNDROMAT, INC. (d/b/a NYC
LAUNDROMAT), and HUAN TRINH,

                              Defendants.

------------------------------------------------------------------X

17 Civ. 1427 (PAE)

ORDER

**PAUL A. ENGELMAYER, District Judge:**

      On August 30, 2018, the parties submitted a revised proposed settlement agreement in this Fair Labor Standards Act ("FLSA") and New York Labor Law action. Dkt. 63. The Court previously declined to approve the parties' prior proposed settlement agreement. *See* Dkts. 59–60. The Court rejected the parties' prior proposed agreement for two reasons: First, because the agreement contained an unacceptably overbroad "general release" under which plaintiff agreed to release all claims of any kind, known or unknown, against defendant Huan Trinh; and second, because the agreement did not include plaintiff's signature. *See* Dkt. 60.

      The Court has carefully reviewed the revised agreement. The Court concludes, substantially for the reasons stated in the parties' original letter, Dkt. 59, and with reference to the unobjectionable aspects of plaintiff's prior application, *see* Dkt. 60, that the revised proposed settlement agreement is fair and reasonable. Specifically, the revised agreement, like the original agreement, allocates one third of the settlement amount, net of costs, to plaintiff's counsel as attorneys' fees, but the agreement no longer contains an overbroad general release, *compare* Dkt.

59-1 at 3, *with* Dkt. 63 at 3, and does include plaintiff's signature.  The Court is therefore satisfied that the agreement was achieved through procedurally fair means and is fair and reasonable such that it satisfies the standard set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Accordingly, the Court approves the revised agreement.  The parties have requested that the Court retain jurisdiction for the purpose of enforcing the settlement agreement.  *See* Dkt. 59 at 2–3; Dkt. 63 at 4.  The Court will do so.

The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 4, 2018
       New York, New York